# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Peter Isajiw
Direct Dial: +1 212 556 2235
Direct Fax: +1 212 556 2222
pisajiw@kslaw.com

Bobby Gray
Direct Dial: +1 212 556 2256
Direct Fax: +1 212 556 2222
bgray@kslaw.com

August 20, 2019

**VIA ELECTRONIC CASE FILING**

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Alexander Hun v. Capital One Financial Corporation et al.*, Case No. 1:19-CV-4436, United States District Court for the Eastern District of New York

Dear Judge Block:

  Defendant Capital One Financial Corporation ("Capital One") respectuflly requests that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML").  The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter.  Plaintiff has advised Capital One that Plaintiff agrees to the requested stay, provided that the stay does not preclude Plaintiff from filing an amended complaint.[1]  Amazon Web Services, Inc. has likewise advised Capital One that it agrees to stay these proceedings.

---

[1] Capital One has no objection to Plaintiff retaining the ability to file an amended complaint during the pendency of a stay, provided that any deadlines or obligations that would otherwise be triggered by the filing of an amended complaint, including Capital One's deadline to answer or otherwise respond to the amended complaint, remain stayed.

*Procedural History*

This case is one of over 45 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Plaintiff filed the Complaint in this case on August 1, 2019; Capital One was served on August 6, 2019; and Capital One's deadline to answer or otherwise respond to the Complaint is currently August 27, 2019.

On July 31, 2019, plaintiffs in a related case pending in the Western District of Washington, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189 (W.D. Wash., filed July 30, 2019), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*"). *See In re Capital One*, Dkt. No. 1. That motion seeks to have related actions consolidated with the *Fadullon* case and transferred to the Western District of Washington for pretrial proceedings. Subsequently, plaintiffs in other related cases have filed briefs in the *In re Capital One* matter that support transfer and consolidation but seek other transferee courts, including the Eastern District of Virginia, Alexandria Division (*id.* at Dkt. Nos. 5 and 7) and the District of the District of Columbia (*id.* at Dkt. No. 8). Additionally, numerous notices of related actions have been filed in *In re Capital One*, and additional related cases continue to be filed and are in the process of being noticed to the JPML.

*A stay of these proceedings in deference to the putative MDL is appropriate*

Given that over 45 putative class actions have been filed, all related to the same underlying event and asserting the same or substantially similar factual allegations, the JPML is highly likely to grant the motions for transfer and consolidation. If it does, to conserve the parties' resources and promote judicial economy, this case will be consolidated with the other putative class actions for centralized pretrial proceedings in a single transferee court. Under these circumstances, "courts in this and other circuits have 'routinely' granted applications to stay the proceedings . . . pending action by the JPML." *Lee v. Equifax Information Servs., LLC*, No. 18-CV-3133 (RRM), 2018 WL 8139008, at *1 (E.D.N.Y. Aug. 6, 2018) (granting opposed motion to stay and staying proceedings pending JPML's decision as to whether case should be transferred for inclusion in an MDL); *see Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML."); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370–71 (S.D.N.Y. 2013) (collecting cases); *see also Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) ("Courts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL . . . .") *Clinton v. Gov't Employees Ins. Co.*, No. 2:16CV430, 2016 WL 9308421, at *1 (E.D. Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is pending.") (internal quotation marks omitted); *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) ("Staying this action pending the MDL Panel's decision . . . will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel"); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-

60301-CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML.").

Capital One notes that it has filed, or will file, a motion to stay in each of the related putative class actions until the JPML rules on the Section 1407 motions for consolidation and transfer. As of the time of filing, at least ten of Capital One's motions to stay have been granted in other related cases, and, to date, no court has denied Capital One's request to stay. *See, e.g., Heath, et al. v. Capital One Financial Corp., et al.*, 3:19-cv-555-JAG, ECF No. 14 (E.D. Va. Aug. 16, 2019) (order staying nine related cases pending decision from the JPML); *Hilker v. Capital One Financial Corp., et al.*, No. 1:19-cv-995-RDA-JFA, ECF No. 15 (E.D. Va. Aug. 16, 2019) (order staying related case pending decision from the JPML).

\* \* \* \* \*

Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all parties. Moreover, all of the parties here agree to a stay, provided the stay shall not preclude Plaintiff from filing an amended complaint.

In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to the Complaint to 30 days from an order denying the motion to stay. Capital One's deadline to respond to the Complaint has not been extended previously. A proposed order is attached for the Court's consideration as Exhibit A.

Respectfully submitted,

_____
Peter Isajiw
Bobby Gray

*Counsel for Defendant Capital One*